**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| QVC, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| PATIOMATS.COM, LLC n/k/a | : | |
| ALTERRA CAPITAL, LLC and | : | |
| KEECO, LLC, | : | No. 12-3168 |
| Defendants. | : | |

<u>**MEMORANDUM**</u>

**Schiller, J.**                                                                                             **August 3, 2012**

Plaintiff QVC, Inc. brings this interpleader action against Patiomats.com, LLC, now known as Alterra Capital, LLC ("Patiomats"), and Keeco, LLC, alleging that both companies have asserted competing claims to funds held by QVC. Before the Court is Defendant Keeco's motion to transfer the case to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a) or, in the alternative, to stay all proceedings pending the disposition of a related action in the Middle District of Florida. For the reasons set forth below, the motion to transfer will be granted.

## I.        BACKGROUND

On April 20, 2011, Keeco and Patiomats, a manufacturer and seller of patio mats and related products, entered into an Asset Purchase Agreement whereby Keeco purchased certain assets of Patiomats. (Am. Compl. ¶¶ 2, 3, 8, 10.) QVC, "a general merchandise electronic retailer that markets and distributes a wide variety of products directly to consumers through various means and media," ordered merchandise from Patiomats prior to April 20, 2011. (*Id.* ¶ 7.) QVC made payments to Keeco in connection with purchase orders between QVC and Patiomats. (*Id.* ¶ 13.) Keeco remitted

some of the payments to Patiomats but refused to turn over additional funds received. (*Id.* ¶¶ 14-15.) A dispute arose between Patiomats and Keeco as to which company was entitled to the funds, and both Patiomats and Keeco have made claims to QVC for additional funds held by QVC. (*Id.* ¶¶ 14-19.) QVC has retained the additional funds, unsure of which claimant to pay. (*Id.* ¶ 22.) QVC claims that it is now holding at least $1,507,413.31 in funds. (*Id.* ¶¶ 22-23.)

On June 13, 2011, Patiomats initiated an action against Keeco in the Thirteenth Judicial Circuit in Hillsborough County, Florida (the "Florida action"), alleging that Keeco breached the Asset Purchase Agreement by failing or refusing to remit to Patiomats certain payments, including the funds from QVC. (*Id.* ¶ 11.) QVC is not a party to the Florida action. (*Id.*) The action was removed to the United States District Court for the Middle District of Florida on June 15, 2011, and was referred for arbitration.[1] The arbitrator issued an arbitration award in favor of Patiomats on July 27, 2012, which specifically discussed whether the QVC transactions were excluded from the assets purchased by Keeco. (Civ. A. No. 11-1592, Document No. 26.) Following the arbitration, the Court directed the parties to determine whether the arbitrator's award resolves the parties' dispute. (*Id.*, Document No. 27.)

On June 5, 2012, QVC filed the instant action against Patiomats and Keeco seeking an Order from this Court permitting it to pay $1,507,413.31 into the Registry of the Court, discharging QVC from any liability in connection with the funds, permanently enjoining Patiomats and Keeco from participating in any proceeding against QVC to recover the funds, and requiring Patiomats and Keeco to interplead and settle between themselves their rights to the QVC funds. (Am. Compl. ¶¶ 25-28.) On July 10, 2012, Keeco moved to transfer this action to the Middle District of Florida

---

[1] The action is pending in the United States District Court for the Middle District of Florida and is docketed as *Patiomats.com, LLC v. Keeco, LLC*, Civ. A. No. 11-1592.

or, in the alternative, stay all proceedings in this action pending the disposition of the Florida action. QVC opposes the motion to transfer. Patiomats has neither indicated its support nor its opposition to Keeco's motion.

QVC contends that both the relationships between QVC and Keeco and the relationships between QVC and Patiomats are governed by the terms and conditions of the purchase orders, which include a forum selection clause. (Mem. of Law in Supp. of the Resp. of Pl. QVC, Inc. in Opp'n. to the Mot. of Keeco, LLC to Trans. or Stay [Pl.'s Mem.] at 7.) QVC issued fifteen purchase orders to Patiomats for the purchase and delivery of merchandise. (Am. Comp. ¶ 9.) QVC included a copy of a purchase order in its response to the motion to transfer currently before the Court, however, it is not signed by any party. (Pl.'s Mem. Ex. A [Purchase Order].) The purchase order sets out the terms and conditions between a "Buyer" and a "Vendor" of "Merchandise." (*Id.*) While the purchase order is not signed, presumably QVC is the "buyer" and Patiomats is the "vendor." The forum selection clause in the purchase order provides, "Vendor hereby consents to the exclusive jurisdiction of the state courts of the Commonwealth of Pennsylvania for the County of Chester and the federal courts for the Eastern District of Pennsylvania in all matters arising hereunder." (Purchase Order ¶ 15.)

## II.    STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The decision to grant a transfer under § 1404(a) lies within the discretion of the trial court. *Wilce v. Gen. Motors Corp.*, Civ. A. No. 96-6194, 1996 WL 724936, at *1 (E.D. Pa. Dec. 13, 1996). The trial court

3

possesses broad discretion in this matter. *Solomon v. Cont'l Am. Life Ins. Co.*, 472 F.2d 1043, 1045 (3d Cir. 1973); *see also Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988). The defendant, as the moving party, bears the burden of proving that venue is proper in the transferee district and that transfer is appropriate. *Lindley v. Caterpillar, Inc.*, 93 F. Supp. 2d 615, 617 (E.D. Pa. 2000); *see also Shutte v. ARMCO Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *Idasetima v. Wabash Metal Prods., Inc.*, Civ. A. No. 01-197, 2001 WL 1526270, at *1 (E.D. Pa. Nov. 29, 2001).

Additionally, the presence of a valid forum selection clause places on the party seeking to avoid the forum selection clause "the burden of demonstrating why they should not be bound by their contractual choice of forum." *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 880 (3d Cir. 1995) (internal quotation marks omitted). Although the presence of a valid forum selection clause is entitled to considerable weight, this Court must still consider the familiar *Jumara* factors that govern whether transfer under § 1404 is appropriate. *See id*.

## III.   DISCUSSION

Keeco asserts that, in the interest of justice, this action must be transferred to the Middle District of Florida under 28 U.S.C. § 1404(a) so that it may be consolidated, or at least coordinated, with the action currently pending there. QVC responds that Keeco's request for transfer should be denied because it would be inconvenient for QVC to litigate "in a foreign jurisdiction where it has no corporate presence, no counsel, no documents, and no witnesses" and "is not subject to personal jurisdiction." (Pl.'s Mem. at 1-3.).

### A.   The First-Filed Rule

Although the parties' briefs failed to mention the first-filed rule, it bears on the Court's

analysis. *Transcore, L.P. v. Mark IV Indus. Corp.*, Civ. A. No. 09-2789, 2009 WL 3365870, at *4 (E.D. Pa. Oct. 15, 2009) (discussing the court's *sua sponte* application of first-filed rule). The first-filed rule provides that "in all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988). The date the original complaint was filed is determinative for purposes of the first-filed rule. *See Colony Nat'l Ins. Co. v. UHS Children Servs., Inc.*, Civ. A. No. 09-2916, 2009 WL 3007334, at *2 n.5 (E.D. Pa. Sept. 11, 2009). The rule "encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court the power to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC*, 850 F.2d at 971 (internal quotation marks omitted). "The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter." *Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 930 (3d Cir. 1941). Moreover, the first-filed rule applies even if the first-filed action has been stayed pending arbitration. *See Todd Shipyards Corp. v. Cunard Line Ltd.*, 708 F. Supp. 1440, 1448 (D.N.J. 1989).

Under the first-filed rule, transfer is permissible even though QVC is not a party to the Florida action. "The applicability of the first-filed rule is not limited to mirror image cases where the parties and the issues perfectly align. Rather, the principles underlying the rule support its application where the subject matter of the later filed case substantially overlaps with that of the earlier one." *Villari Brandes & Kline, P.C. v. Plainfield Speciality Holdings II, Inc.*, Civ. A. No. 09-2552, 2009 WL 1845236, at *6 (E.D. Pa. June 26, 2009); *see also Maximum Human Performance, Inc. v. Dymatize Enters., Inc.*, Civ. A. No. 09-235, 2009 WL 2778104, at *3 (D.N.J. Aug. 27, 2009) ("For the first-to-

file rule to apply, there must be a substantial overlap between the two actions, but the issues and parties involved need not be identical.") (internal quotation marks omitted).

The Florida action was first filed. Patiomats' complaint was filed in the Florida action on June 13, 2011, and the instant action was filed nearly one year later on June 5, 2012. The "substantive touchstone of the first-to-file inquiry is subject matter." *Shire U.S., Inc. v. Johnson Matthey, Inc.*, 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008). The same dispute raised by QVC here is currently being litigated in the Florida action, which has been pending for over a year. Moreover, no unique or novel issues are raised by QVC in the instant action that would not be addressed in the Florida action. While the Third Circuit has recognized some limited exceptions to the first-filed rule, including "inequitable conduct, bad faith, or forum shopping," none of these exceptions applies in the instant action. *See EEOC*, 850 F.2d at 972. Patiomats's decision to file a lawsuit against Keeco was based on a breach of the Asset Purchase Agreement and "does not suggest the kind of bad faith or forum shopping that warrants a departure from the first-filed rule." *Transcore*, 2009 WL 3365870, at *5. Therefore, the first-filed rule applies to the instant action and weighs heavily in favor of transferring this case to the Middle District of Florida.

**B.      Transfer Under 28 U.S.C. § 1404(a)**

Courts in the Third Circuit apply a multi-factor test to determine whether transfer under Section 1404(a) is appropriate, weighing private and public interests. *Jumara*, 55 F.3d at 879-80 (3d Cir. 1995). The private interests include: (1) the plaintiff's choice of forum; (2) the defendant's choice of forum; (3) where the claims arose; (4) the convenience of the parties given their relative physical and financial condition; (5) the convenience of the witnesses to the extent they may be unavailable for trial in a given forum; and (6) the location of books and records to the extent they could not be

produced in the alternative forum. *Id*. at 879. The public interests include: (1) the enforceability of

the judgment; (2) practical considerations of trial logistics; (3) the relative court congestion of the two

fora; (4) the local interests of each forum in deciding local controversies; (5) the public policies of

the fora; and (6) the judges' relative familiarity with the applicable law. *Id*.

QVC contends that transfer is not appropriate because Keeco has not sustained its burden of

establishing that the *Jumara* factors support transferring this action to the Middle District of Florida.

(Pl.'s Mem. at 4.). Specifically, QVC argues that it has a strong interest in not litigating in a foreign

forum where it has no presence, is not subject to personal jurisdiction, and where it has no documents

or witnesses. (*Id*. at 4-5.). In response, Keeco asserts that transferring the case to Florida would

conserve judicial resources because that action encompasses the exact dispute at issue here. (Mem.

of Law in Supp. of Mot. of Def. Keeco, LLC to Transfer or Stay [Def.'s Mem.] at 7.)

The private factors in this case weigh in favor of transfer. The plaintiff's choice of forum—the

first factor—is usually afforded great deference and "should not be lightly disturbed." *Jumara*, 55

F.3d at 879. However, it is entitled to less deference when a related action is pending in a different

forum. *See Blanning v. Tisch*, 378 F. Supp 1058, 1061 (E.D. Pa. 1974) (noting that plaintiff's choice

of forum is by no means dispositive, especially when a related action is already pending in a different

forum). This factor weighs slightly against transfer. The second factor—the Defendants' choice of

forum—would ordinarily weigh in favor of transfer because Defendant Keeco's choice of forum is

the Middle District of Florida and Defendant Patiomats has not responded to this motion. However,

a presumptively valid forum selection clause could negate a party's choice of forum in a different

forum. *Jumara*, 55 F.3d at 880. Here, there is a forum selection clause that presumably would bind

Patiomats, the vendor that had a contractual relationship with QVC. (Am. Compl. ¶ 9.) QVC has not

presented any factual evidence or legal argument as to why Keeco would also be bound by the forum selection clause. The Court need not determine the validity of the forum selection clause, however, because transfer to the Middle District of Florida is nonetheless warranted. Assuming without deciding that the forum selection clause is valid, Patiomats' choice of forum weighs against transfer, and Keeco's choice of forum weighs in favor of transfer. Thus, this second factor is neutral.

The third factor—where the claim arose—weighs in favor of transfer. The claim at issue here involves the disbursement of funds claimed by both Keeco and Patiomats. QVC maintains its principal place of business in West Chester, Pennsylvania; Keeco is based in California; and Patiomats is based in Florida. The claim in this case arose in Florida. The fourth factor—convenience of the parties given their relative physical and financial condition—also weighs in favor of transfer. QVC, while based in Pennsylvania, does business nationwide. QVC makes the conclusory statement that it "is not subject to personal jurisdiction" in the Middle District of Florida. (Pl.'s Mem. at 7.) The Court finds this statement doubtful as QVC has contractual relations with businesses, such as Patiomats, in Florida and presumably sends merchandise to its customers in Florida. (Am. Compl. ¶¶ 2, 9.) Furthermore, QVC has not argued that it lacks the resources to litigate in Florida. Patiomats and Keeco are already litigating this action in Florida, and it would clearly be convenient for this matter to be litigated in the same forum. As QVC contends that it takes no position, has no interest in the outcome of the litigation, and seeks to be discharged from this case after depositing funds with the Registry of the Court, it would likely have little involvement in the proceedings. The fifth and sixth factors—the convenience of the witnesses and the location of books and records—also weigh in favor of transfer. Witnesses and all relevant documents have already been produced in the Florida action. Because the Florida action will address and resolve the dispute raised by QVC in the instant

8

action, the private factors slightly favor transfer.

As for the public factors, these too weigh in favor of transfer. When a related lawsuit is pending elsewhere, transferring the case serves the interests of justice because it eliminates the possibility of inconsistent results. *See Lawrence v. Xerox Corp*., 56 F. Supp. 2d 442, 453-54 (D.N.J. 1999) ("Transfer in such circumstances has numerous benefits: Cases can be consolidated before one judge thereby promoting judicial efficiency; pretrial discovery can be conducted in a more orderly manner; witnesses can be saved the time and expense of appearing at trial in more than one court; and duplicative litigation involving the filing of records in both courts is avoided, thereby eliminating unnecessary expense and the possibility of inconsistent results.") (internal quotation marks omitted). Moreover, "[t]o permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). "When two suits involving the same parties and subject matter are pending concurrently, the first-filed suit should have priority absent a showing that the balance of inconvenience favors transfer or unless there are special circumstances which justify giving priority to the second suit." *Ricoh Co. v. Honeywell, Inc.*, 817 F. Supp. 473, 487 (D.N.J. 1993).

Courts in this District have held that when there is a "strong likelihood of consolidation with a related action," transfer of venue is warranted. *Villari Brandes & Kline*, 2009 WL 1845236, at * 5. Indeed, "the presence of a related action in the transferee forum is such a powerful reason to grant a transfer that courts do so even where other *Jumara* factors, such as the convenience of parties, and witnesses, would suggest the opposite." *Id*.

Given the existence of a pending, related action in the Middle District of Florida, transfer is

warranted here. The private *Jumara* factors weigh slightly in favor of transfer, and the public factors weigh heavily in favor of transfer. There are no special circumstances that justify giving priority to the instant action over the first-filed action in Florida. Transfer will ensure that the dispute is resolved efficiently and that duplicitous litigation is avoided. In fact, to allow this case to proceed in this forum would disserve the policy of judicial comity, which the first-filed rule was designed to ensure. *See Crosley*, 122 F.2d at 929. Thus, the Court finds that transfer to the Middle District of Florida is warranted.

IV.    **CONCLUSION**

For the reasons stated above, the Court concludes that this action should be transferred to the Middle District of Florida and will grant Keeco's motion to transfer. As this case will be transferred, the Court will deny as moot QVC's motion to deposit funds and for an order of discharge and Keeco's motion to dismiss for lack of jurisdiction. An Order consistent with this Memorandum will be docketed separately.